IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHANDRA LYONS CORTEZ                                                                  PLAINTIFF

      v.                          Civil No. 09-2063

TORIE ANDERSON, Employee,
SN Servicing; THOMAS BURNS,
Attorney; SGT. GEORGIA BROWN,
Sebastian County Sheriff's Department;
STEVE NELSON, Administrator, SN
Servicing; SHARON FEWELL, Attorney;
BRANDON TAYLOR, Foreclosure
Manager; JOE JEFFRY JACKSON,
Professional Movers; and U.S. BANK
(U.S. BANCORP)                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

ChanDra Lyons Cortez filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her complaint was filed *in forma pauperis* (IFP).

An order (Doc. 11) was entered directing plaintiff to complete, sign and return an attached addendum to her complaint. Plaintiff filed the addendum (Doc. 12) on October 21, 2009. The case is before me for a determination of whether service of process should issue.

### Background

According to the allegations of the complaint and addendum, on May 8, 2009, Sergeant Georgia Brown of the Sebastian County Sheriff's Department, came to the door of plaintiff's residence located at 2619 North 41st, Fort Smith, Arkansas, and advised plaintiff that she had ten minutes to take whatever she could and then U.S. Bank would be locking her out of the residence.

Plaintiff states that her husband, Cornell Cortez, bought the property in 2006. At the time, she indicates they were separated. She asserts she did not know if he had a loan on the property or if he was behind on the loan or mortgage payments.

Plaintiff indicates she gave Brown papers showing she had purchased the property from her husband, Cornell Cortez, on May 1, 2008. In response, Brown advised plaintiff that the U.S. Bank of Eureka, California, owned the property having bought it at auction on August 11, 2008.

Plaintiff asserts she did not receive any notice regarding a foreclosure proceeding. She maintains she did not know when she purchased the house that it was being foreclosed on.

Plaintiff paid $40,000 for the home. She gave her husband $10,000 up front and gave him $30,000 more on July 1, 2008. Although plaintiff was asked to state the value of the property, she did not. *Addendum* (Doc. 12) at ¶ 7.

Plaintiff asserts she was unaware of the property being auctioned on August 11, 2008. On May 8, 2009, after she gave Brown the papers, plaintiff states that approximately ten minutes later a moving truck and four men came to her home and identified themselves as professional movers. Plaintiff states she was told her furniture and her other belongings would be moved to a storage facility located on Grand Avenue.

When the movers were finished, plaintiff states she telephoned Brown and asked where her property was. Initially, Brown stated she did not know. However, a few minutes later Brown came back on the phone and advised the plaintiff that all directions had been left in the mail box. Plaintiff found an envelope with three keys in it and a card with the storage facility name on it as well as the code to get in the gate.

When she went to the storage facility, plaintiff alleges she found some of her property had been broken and other items scratched. She found out the storage room had been rented by Joe Jeffery Jackson.

Plaintiff spoke with Thomas Burns, an attorney in a law firm in Benton, Arkansas, on May 12, 2009. She asserts Burns stated he had been involved with the movers. Burns requested any paperwork plaintiff had on the property and a list of items that were damaged. Plaintiff maintains that while she was on the phone with Burns he became "sexual like toward her . . . and told her she had a sexy voice."

S.N. Servicing through Steven Nelson and Torie Anderson were involved in the foreclosure proceeding. Brandon Taylor of Sharpio S. Kirsch in Memphis, Tennessee, also had a role in the foreclosure.

## Discussion

This case is subject to dismissal. First, with the exception of Brown, plaintiff's civil rights claims are against private parties or private entities who are not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id*. at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

*Montano*, 120 F.3d at 848.

The Supreme Court has held that foreclosure procedures implicate the Fourteenth Amendment only where there is at least some direct state involvement in the execution of the foreclosure or procedure. *See Fuentes v. Shevin*, 407 U.S. 67, 70-71, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972); *Harper v. Federal Land Bank*, 878 F.2d 1172, 1178 (9th Cir. 1989)("fact that a state permits the use of foreclosure procedures . . . is not sufficient to constitute state action."); *Midfelt v. Circuit Court of Jackson County, Missouri*, 827 F.2d 343 (8th Cir. 1987)(no significant state action involved in provision of Missouri law recognizing the validity of contractual power of sale provisions). Banks, employees, and their attorneys have been held to be private entities or parties not subject to suit under § 1983. *See e.g., Zebrowski v. Wells Fargo Bank, N.A.*, 657 F. Supp. 2d 511, 520 (D.N.J. 2009)(Use of state foreclosure action does not transform action between private parties into state action. "Otherwise, every foreclosure action between private parties would 'transform' into 'state action' of constitutional dimension.")(internal quotation marks and citation omitted); *Shipley v. First Fed. Sav. & Loan Ass'n of Del.*, 703 F. Supp. 1122,

1129-31 (D. Del. 1988), *aff'd* 877 F.2d 57 (3rd Cir. 1989)(holding a bank and attorney who filed foreclosure action were not acting under color of state law).

Second, with respect to Brown's actions, it has been held that the sheriff or his deputies are entitled to absolute immunity for actions taken pursuant to an order or to execute a judicial decree. *See e.g., Hirsch v. Copenhaver*, 839 F. Supp. 1524 (D. Wyo. 1993); *Roach v. Madden*, 728 F. Supp. 537 (E.D. Ark. 1989)(Sheriff acting pursuant to writ of assistance was entitled to quasi-judicial immunity with respect to civil rights claim arising out of alleged loss of, and damage to, personal property). Moreover, courts have also held that there is no significant or meaningful interference when the officer merely serves an eviction notice, does not physically participate in the eviction, and does nothing to interfere with the party being evicted in the course of the eviction. *Cf. Sodal v. Cook County, Illinois*, 506 U.S. 56, 113 S. Ct. 538, 121 L. Ed. 450 (1992)(Participation in an improper eviction constitutes a seizure within the meaning of the Fourth Amendment. Deputy Sheriffs assisted the owner and manager of a trailer park in physically tearing a mobile home from its foundation and towing it to another lot); *Thomas v. Cohen*, 304 F.3d 563 (6th Cir. 2002)(escorting tenants from their residence in the course of effectuating an eviction amounted to meaningful interference). *See also Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989 (6th Cir. 1994)(officer on civil standby who attended the seizure as an observer to ensure it transpired in an orderly, peaceful manner not subject to liability under § 1983);

Third, no other basis of federal jurisdiction exists. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity

AO72A
(Rev. 8/82)

of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)).

Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). Clearly, there is no diversity of citizenship in this case. Plaintiff is a citizen of Arkansas and so are defendants Brown, Burns, and Jackson.

## Conclusion

For the reasons stated, I recommend that the complaint be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is**

AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of March 2010.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)